## Case No. 15,615.

### UNITED STATES v. LLOYD.

[4 Cranch, C. C. 464.] [1]

Circuit Court, District of Columbia. May Term, 1834.

**ARREST OF JUDGMENT — WANT OF PROSECUTOR'S NAME ON INDICTMENT.**

The want of a prosecutor's name upon the indictment is no ground for arresting the judgment.

[This was an indictment against Henry Lloyd.]

Assault and battery. Verdict for United States.

Mr. Hewitt, for the defendant, moved in arrest of judgment, that no prosecutor's

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

name had been written upon the indictment before it was sent to the grand jury, as required by the act of assembly of Virginia of November 13, 1792, p. 105, §§ 23, 24; and contended that the court would have quashed the indictment upon motion before trial. That there was no difference in principle between a motion to quash, and a motion to arrest the judgment. If there was good ground to quash, there was, a fortiori, good ground to arrest. 4 Bl. Comm. 375; 1 Chit. Cr. Law, 661, 663, 664. The new statute of jeofails of Virginia of 1819 was passed before the case of Com. v. Chalmers, 2 Va. Cas. 76, 77. See Leigh, Comp. St. Va. p. 611.

Mr. Key, contra. Nothing appears upon the face of the indictment to arrest the judgment. The case of Com. v. Chalmers, 2 Va. Cas. 76, 77, is decisive. See, also, Wortham's Case, 5 Rand. (Va.) 669.

THE COURT overruled the motion; THRUSTON, Circuit Judge, not giving any opinion. THE COURT did not state the reasons for their decision, but the grounds were, that the provision of the statutes requiring the name of a prosecutor to be written on the indictment, was for the benefit of the defendant, that he might have security for costs, and to prevent unnecessary expense to the United States. If the defendant goes to trial without such security, he must be considered as having waived the benefit; and the United States have already incurred the expense.